## F. R. NEAL v. W. H. JONES.

**Land—Sale by Acre or in Gross—Adjustment.**
> Where there is a doubt as to whether land was sold by the acre or in gross, and the parties having made an equitable adjustment of the matter Courts will not interfere in the absence of fraud or mistake.

**Title Bond—Holder Entitled to Conveyance from Heirs or Devisees.**
> The holder of a title bond is entitled to a conveyance of the legal title, whether the obligor died intestate or testate.

**Purchase Money.**
> It is premature to adjudge the payment of purchase money until it is determined who is the legal title holder and to whom the money should be paid.

January 31, 1868.

APPEAL FROM WASHINGTON CIRCUIT COURT.

OPINION OF THE COURT BY JUDGE PETERS:

If there had been any doubt as to the character of the contract for the sale of the land, whether by the acre, or in gross, the parties themselves construed it as of the first named class, adjusted and settled that question, and where as in this case, there was no fraud, or advantage, but the adjustment is equitable, courts cannot interpose to disturb what is properly done.

Having the title bond of J. R. Jones for all the land contained in the survey, which bond describes the tract by metes and bounds, appellant is by the terms of said bond entitled to a conveyance thereof, and whether the obligator died intestate, or testate, the appellant is in a condition to coerce a conveyance from the heirs, or devisees to whom the title may have passed by the death of the obigator, J. R. Jones.

But before he can be properly coerced to pay the note for the surplus and, the question as to whether the title to the land passed by the devisee or descent, and at the death of J. R. Jones, should have been settled; if the title was in appellee, before the court would compel appellant to part with his money, it should see that he got a title to the land for which it was to be paid, as he had

satisfied the first installment of the purchase price, and thereby by the terms of his contract entitled himself to a conveyance. Moreover if the title to the land was not devised to appellee by his father, so as to enable him to convey the title to appellant, and died intestate, he would not be entitled to the price of the surplus land, upon the sale appellant executed his notes for the quantity he then believed to be in the tract, to J. R. Jones, who gave them to appellee. It is not alleged that he was entitled to anything more for the land than the notes thus given to him by his father; and unless he shows to the contrary, the value of the surplus land would form a part of the estate of the ancestor, and go into the hands of his personal representative, and a payment of the same to appellee would not be a discharge of the debt, although a note may have been given him therefor.

It was therefore premature to adjudge the payment of the money to appellee until the court should be able to determine who held the title to the land, could compel a conveyance and to whom the money belonged. And thereby put an end to any further litigation growing out of said contract.

Wherefore the judgment is reversed, and the cause is remanded with directions.

*Twiman, Cofer, for appellant.*

*Broune, for appellee.*